IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00820-RPM-MEH

ANNA SPEKTOR,

    Plaintiff,

v.

NIAGARA CREDIT SOLUTIONS, INC., a New York corporation,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Set Aside Entry of Default ("Motion") [filed June 13, 2008; doc. #7], pursuant to Fed. R. Civ. P. 55(c), filed by Defendant Niagara Credit Solutions ("Niagara") in response to the Clerk's Entry of Default [doc. #3]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for disposition. For the reasons stated herein, the Motion will be **granted**.

## BACKGROUND

Plaintiff Anna Spektor is a natural person and "consumer," as defined by 15 U.S.C. § 1692a(3). Doc. #1 ¶ 5. Defendant Niagara is a "debt collector" agency, as defined by 15 U.S.C. § 1692a(6), and is licensed as a collection agency by the State of Colorado. *Id.* ¶¶ 7-8. Plaintiff alleges that sometime before June 2007, Plaintiff had incurred financial debt and went into default with the original creditor. *Id.* ¶¶ 10-12. Thereafter, Plaintiff's account was transferred to the Defendant for collection. *Id.* ¶ 13. Plaintiff alleges that, for close to a year, Defendant's representatives made numerous communications with Plaintiff, employing "a campaign of abusive

and unlawful collection tactics." *Id.* ¶¶ 15-20. As such, Plaintiff brought the instant action, alleging that the Defendant had violated the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692, and seeking monetary damages. *Id.* ¶¶ 33-35.

Defendant's registered agent was served with Plaintiff's Complaint on April 22, 2008. Doc. # 7, ¶ 3. According to Defendant, a Niagara representative contacted Plaintiff to attempt to negotiate a settlement on May 13, 2008 and on May 20, 2008, in order "to avoid the costs of filing an Answer." *Id.* ¶ 5-7. During the month of May 2008, Defendant changed its operating procedures for responding to lawsuits, whereby it went from a system of using a different attorney in each jurisdiction to consolidating all claims to one attorney in a central location who would control all lawsuits. *Id.* ¶ 8. As a result of this change in systems, Defendant claims that it inadvertently failed to answer Plaintiff's complaint. *Id.* ¶ 9.

When Defendant had not filed an answer or otherwise defended for 42 days, Plaintiff filed a Motion for Entry of Default pursuant to Fed. R. Civ. P. 55. Doc. #5. Thereafter, the Clerk entered default against Defendant on June 5, 2008. Doc. # 6. The following week, Defendant filed a Motion to Set Aside Entry of Default on June 13, 2008. Doc. #7. Plaintiff timely responded on July 2, 2008.

## DISCUSSION

In the interest of justice, courts prefer that disputes be resolved on their merits. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Fed. R. Civ. P. 55(c) provides that "for good cause shown the court may set aside an entry of default." The good cause standard is liberal in that default judgments are not favored by the courts. *Katzson Bros., Inc. v. United States*, 839 F.2d 1396, 1399 (10th Cir. 1988). Relief from an entry of default will be granted more readily

and with a lesser showing than in the case of a default judgment; the good cause standard necessary to set aside a default is a lesser standard than the excusable neglect standard necessary to set aside a default judgment. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). Three factors are considered in determining "good cause" under Rule 55(c): (1) whether the default was willful or culpable; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party who secured the entry of default. *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished table opinion) (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)). Although the Defendant's conduct in this case is not to be encouraged, the Defendant has nevertheless demonstrated good cause to set aside the entry of default.

First, Defendant's default was not the result of culpable conduct. A defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *U.S. v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993). A default that results from inadvertence is not culpable. *Id.*; *see also School-Link Technologies, Inc. v. Applied Resources, Inc.* 471 F. Supp. 2d 1101, 1119 (D. Kan. 2007) (setting aside an entry of default that resulted from inadvertence).

While Defendant acknowledges that its behavior was not as diligent as it should have been, it did not intentionally ignore the summons. Rather, Defendant argues that its default was the result of changing internal operations. Although Defendant did not contact the Plaintiff and attempt to settle the case until one day after the twenty-day response deadline had expired, Defendant seemed eager to resolve the matter. Twice, the Defendant's representative contacted

3

the Plaintiff to attempt to negotiate a settlement.  Moreover, Defendant represented to Plaintiff that it wished to settle to avoid the fees incurred in responding to the complaint.  Plainly, the Defendant was aware of the lawsuit and was taking steps to address it.  As such, it appears the default was due not to a willful attempt to ignore the lawsuit, but rather to Defendant's inadvertence while it modified its litigation systems.  Moreover, the fact that Defendant moved to set aside the default only a week after it was entered indicates that the Defendant was not willfully ignoring the lawsuit or this court's authority.

Second, Defendant can present two meritorious defenses to Plaintiff's claim.  A defense is deemed meritorious if it would constitute a complete defense when established at trial.  *United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  Here, Defendant proffers two different defenses, either of which would constitute a complete defense to the alleged FDCPA violations.  First, Defendant denies that its employees made the alleged statements that would constitute FDCPA violations.  Second, Defendant alleges a 'bona fide' error defense.  The FDCPA provides that a debt collector is not liable under the statute if "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c); *Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006).

In support of these defenses, Defendant has submitted a sworn affidavit from its Executive Vice President.  Doc. # 7-3.  Plaintiff argues that the affiant has no personal knowledge of the case and, therefore, cannot establish whether the proffered defenses are viable.  Doc. #9 at 3.  However, the Defendant need not *prove* its defenses at this stage; rather, a defendant need show only that its allegations, if true, constitute a defense under Fed. R. Civ. P.

4

60(b). *See generally In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) ("the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense"). Thus, if proven at trial, both defenses proffered by Defendant would constitute valid defenses to the allegations; thus, the Defendant has demonstrated that it can present meritorious defenses.

Finally, setting aside the default will not prejudice the Plaintiff. Plaintiff has made no showing of prejudice in this instance. Moreover, little more than one month has passed since Defendant's answer or other response was due, and there has been no showing as to how this delay has hindered Plaintiff in her ability to pursue the claim due to loss of evidence or otherwise. As such, setting aside the default will not prejudice the Plaintiff.

## **CONCLUSION**

Based on the foregoing, and the entire record herein, I order that Defendant Niagara Credit Solution's Motion to Set Aside Entry of Default [filed June 13, 2008; doc. #7] is **granted**. The Court believes that Defendant has satisfied the liberal requirements under Rule 55(c) to support setting aside the entry of default.

Dated at Denver, Colorado, this 7th day of July, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge